NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-2429 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00265-TSZ-1 |
| v. | |
| HAROLD RAVON DIGGS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted November 12, 2025**

Before: SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

Harold Ravon Diggs appeals from the district court's judgment and challenges the 14-month sentence imposed upon the sixth revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Diggs contends that the district court procedurally erred by (1) failing to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

calculate the Guidelines range; (2) failing to discuss the relevant 18 U.S.C. § 3553(a) factors; and (3) considering impermissible factors. We review these claims for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there is none.

First, the undisputed Guidelines range was included in probation's sentencing recommendation, which the court had reviewed, and defense counsel restated the range at the sentencing hearing. This record shows that the court was aware of the applicable range. Second, the court's sentencing explanation demonstrates that it considered the relevant sentencing factors, including Diggs's history, the circumstances of his violation conduct, and the need to deter. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B). This explanation for the above-Guidelines sentence was sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Third, the record reflects that the court did not rely on any unproven facts or the need to punish Diggs, but instead properly considered Diggs's conduct in the context of his recidivism and repeated failures to comply with probation's instructions. *See United States v. Taylor*, 153 F.4th 934, 943, 946 (9th Cir. 2025). Finally, even if the district court erred, Diggs has not shown a reasonable probability that he would have received a different sentence absent any of the alleged errors. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**

25-2429